RENDERED:  FEBRUARY 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0726-MR

MICHAEL VANNATTA                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 22-CI-502857


APRIL VANNATTA                                                            APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  Michael Vannatta appeals from an order of the

circuit court which restricted his visitation with his three minor children.

Appellant argues that there was insufficient evidence for the court to limit his

visitation.  We agree and reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant and April Vannatta were a previously married couple who had three children during the marriage, the oldest of which was six when these proceedings began. The parties' marriage broke down because Appellant fathered two children with a woman named Brooke Bryant. After the birth of the first Bryant child, Appellant and Appellee tried to salvage their relationship. They even introduced the first Bryant child to the Vannatta children and told them she was a new sibling. A little later, Ms. Bryant had another child by Appellant and this caused the Vannattas to separate. Appellant initially believed he was the father of the two Bryant children; however, he later denied paternity. He even told the Vannatta children that they no longer had other siblings, which caused some issues for the young Vannatta children and some strife within the family unit. Appellant was later deemed the father of the two Bryant children through court proceedings and he now has some relationship with them.

In September of 2022, Appellee filed a petition for dissolution of marriage. The divorce process was contentious and the parties were unable to effectively communicate with each other. On September 20, 2023, the trial court awarded Appellee sole custody over the children. Appellant was given visitation on a two-week rotating basis. On week one, he would have visitation from

Monday morning until Wednesday evening, and on week two, he would have visitation from Saturday morning until Monday evening.

On October 30, 2023, Appellee filed a motion with the court asking for an order prohibiting Ms. Bryant from being in contact with the Vannatta children. Appellee requested such an order because Ms. Bryant had an active case with the Cabinet for Health and Family Services and her other children were removed from her care. On November 6, 2023, the court took judicial notice of Ms. Bryant's active dependency, neglect, and abuse cases and ordered that Ms. Bryant have no contact with the Vannatta children.[1]

On January 30, 2024, Appellee filed a motion requesting the court to find Appellant in contempt and to suspend his visitation with the children. Appellee alleged that Ms. Bryant was living with Appellant and was sometimes babysitting the children while Appellant was at work. During a motion hour on February 5, 2024, the court ruled from the bench that Appellant's parenting time would be temporarily suspended and a full hearing on the issue would be held on March 8, 2024. A written order was entered reflecting the oral ruling shortly thereafter.

---

[1] Information in the record before us is scarce as to what allegations were brought regarding Ms. Bryant, but it seems as though her home was in an unsuitable condition for children and she refused to allow the children's grandparents to take one or more of the children to a doctor for treatment. It is unknown if the medical issue was an emergency situation.

A hearing was held on March 8, 2024, and Appellant, Appellee, and others testified. On April 16, 2024, the court entered the order on appeal. The court held that there was no proof that Ms. Bryant had contact with the children and declined to hold Appellant in contempt. The court did suspect that Ms. Bryant was living with Appellant, but there was a lack of proof she had contact with the children. We note that Appellant denied that Ms. Bryant was living with him, but the court did not find his testimony on this issue credible.

As to Appellant's visitation, the court took into consideration its suspicion that Ms. Bryant was living with Appellant and that Appellant was not being truthful with the court. The court also considered the fact that Appellant made bad decisions regarding the Bryant children, especially when he introduced the first Bryant child to the Vannatta children and then cut contact with the Bryant children. On the other hand, the court found that Appellant was not abusing drugs, had a stable job, and maintained appropriate housing. The court also considered the fact that, although Appellant had some history of depression and suicidal thoughts, he was receiving appropriate treatment and there was no evidence his mental health had deteriorated. Finally, the court considered the testimony from a Friend of the Court (FOC) who was appointed. The FOC had visited Appellant's home and testified that it was clean and suitable for the children. The FOC also testified that the children loved their father and wanted to spend more time with

him.  The FOC further testified that it was her belief that it was in the children's best interests to have contact with Appellant.

Ultimately, the court held that unrestricted visitation with Appellant would pose a risk of mental or emotional harm to the Vannatta children.  The court granted Appellant supervised visitation for two hours per week, and video calls with the children three times a week, with each call lasting twenty minutes. Appellant filed a motion to alter, amend, or vacate that order, but the motion was denied.  This appeal followed.

## **ANALYSIS**

Appellant argues that the evidence did not support the court's restriction of his visitation.  "Modification of timesharing and visitation is governed by [Kentucky Revised Statutes (KRS)] 403.320." *Turner v. Turner*, 672 S.W.3d 43, 52 (Ky. App. 2023) (citation omitted).  KRS 403.320(3) states that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would *endanger seriously* the child's physical, mental, moral, or emotional health." (Emphasis added).

> Generally, we review a family court's decision to modify visitation or timesharing for abuse of discretion. . . .  However, we review its application and interpretation of statutes *de novo*. . . .  Lastly, we review

-5-

factual findings for clear error; meaning we will not disturb factual findings unless they are not supported by substantial evidence.

*Turner*, 672 S.W.3d at 50-51 (citations omitted).

Here, the trial court restricted Appellant's visitation because of his actions toward the Bryant children and because the court suspected Ms. Bryant was living with Appellant. The court believed this put the Vannatta children in emotional or mental harm and restricted Appellant's visitation. The question we must ask ourselves is, was this decision an abuse of discretion? We believe it was.

While the facts found by the trial court are supported by substantial evidence, we do not believe they supported the standard required to restrict Appellant's visitation. The court must determine that Appellant's visitation with his children would "endanger seriously the [children's] physical, mental, moral, or emotional health." KRS 403.320(3). Here, Appellant may have made some bad decisions regarding the Bryant children, but that does not show bad parenting to such a degree as to endanger seriously the Vannatta children. In addition, when the trial court initially set Appellant's visitation on September 20, 2023, the court's order discussed his actions toward the Bryant children, but still awarded him liberal visitation. We believe the court's decision to find this problematic now, but not then, is unreasonable. Finally, we note that while Appellant's actions

regarding the Bryant children might have confused the Vannatta children, there was no evidence that the Vannatta children were *seriously* endangered.

We think the main issue here is that the trial court believed Ms. Bryant was living with Appellant. While the court believed Appellant was being less than forthright when he testified about Ms. Bryant not living with him, there was no evidence she had contact with the children. The court even declined to hold him in contempt because it found no evidence he violated the order prohibiting Ms. Bryant from having contact with the children. Had the court made a finding that it believed Ms. Bryant did have contact with the children, then its decision to restrict Appellant's visitation may have been reasonable due to her active case with the Cabinet for Health and Family Services; however, the court made no such finding.

## CONCLUSION

Looking at the facts, we find insufficient evidence to suggest the Vannatta children would be in serious danger, either physically, mentally, emotionally, or morally, if they have visitation with Appellant. Appellant's home is suitable for the children and there is no evidence Ms. Bryant has contact with them. In addition, Appellant is not abusing drugs, is employed, and seemingly has control of his mental health. Finally, the FOC testified that the children want to spend more time with Appellant. The evidence in this case did not support the

"endanger seriously" standard found in KRS 403.320(3); therefore, restricting

Appellant's visitation was unreasonable and an abuse of discretion.  We reverse

and remand.[2]


ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Samantha Jo Hall
Louisville, Kentucky

---

[2] Appellant also raises an evidentiary issue on appeal, but it is now moot.